**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HASSAAN QAZI,**

*Plaintiff,*

v. **Case No. 1:26-cv-02668-JAV**

**MARCO RUBIO,** et al.,

*Defendants.*

**PLAINTIFF'S LETTER-MOTION FOR EXPEDITED CONSIDERATION**

April 16, 2026

The Honorable Jeannette A. Vargas

United States District Judge

Southern District of New York

500 Pearl Street

New York, NY 10007

Re: *Qazi v. Rubio et al.*, Case No. 1:26-cv-02668-JAV

Dear Judge Vargas:

Plaintiff Hassaan Qazi respectfully submits this letter-motion requesting expedited consideration of Plaintiff's request, set forth at Prayer for Relief ¶ 4 of the Complaint, that the Court order Defendants to file a status report regarding the current status of Plaintiff's visa application. Plaintiff makes this request in light of a material change in circumstances that threatens to render the harm caused by Defendants' delay irreversible.

**Background.** This action seeks to compel Defendants to adjudicate Plaintiff's H-1B visa application, which has been pending in administrative processing under Section 221(g) of the INA for approximately 225 days as of the date of this letter. The Complaint was filed on March 31, 2026. Service on the United States Attorney's Office for the Southern District of New York was completed on April 8, 2026. Service on all named Defendants has been completed, and proof of service has been filed with the Court.

**Changed Circumstances.** In or about February 2026, during discussions regarding Plaintiff's furlough, Plaintiff was informed by management at Friends of the High Line, Inc. ("FHL") that the organization had been unable to identify a candidate with the specialized skill set required for Plaintiff's role as Data Solutions Strategist, and that FHL would need to create a restructured

position to cover the operational gap caused by Plaintiff's prolonged absence. On April 14, 2026, Plaintiff was informed by senior management at FHL that the organization anticipates extending an offer for this restructured position in as soon as three weeks. The urgency of the hiring timeline is driven in part by FHL's approaching peak visitation season — FHL operates the High Line, a nationally-recognized public park in New York City — during which the organization's data functions require dedicated staffing. At the point an offer is extended, the organizational need underlying Plaintiff's H-1B petition will have been addressed through alternative means, and Plaintiff's position will effectively cease to exist. FHL has held Plaintiff's role open for approximately eight months during the pendency of administrative processing, despite significant operational strain. FHL has not chosen to replace Plaintiff; it has been forced to restructure around his absence by the duration of the delay. If Plaintiff's visa application is adjudicated before an offer is extended, Plaintiff will return to his position. If it is not, the employment relationship will be severed — not through any decision by Plaintiff or his employer, but solely as a consequence of Defendants' failure to act.

**Irreversible Harm.** The H-1B petition underlying Plaintiff's visa application is employer-specific and position-specific. FHL has already been unable to find a direct replacement for Plaintiff's role, which itself underscores the specialized nature of the position that formed the basis of USCIS's approval of the H-1B petition. FHL has been forced to create a restructured position to address the operational gap. Once an offer is extended for that restructured position, Plaintiff's role will effectively cease to exist and the approved petition will be nullified. The harm at that point will no longer be ongoing and remediable — it will be permanent. Plaintiff will have lost his employment, his authorized basis for returning to the United States, and the Congressional cap allocation that USCIS determined he was entitled to, all as a direct consequence of the delay this action was filed to remedy. FHL requires dedicated data staffing year-round; the approaching peak visitation season amplifies the urgency but does not define its limits. The approaching hiring decision thus threatens to convert this case from one seeking to compel timely adjudication into one in which the relief requested has been rendered moot by the very delay Plaintiff asks this Court to address.

**Request.** For the foregoing reasons, and given that FHL anticipates extending an offer in as soon as three weeks from April 14, 2026, Plaintiff respectfully requests that the Court issue an order directing Defendants to file, within seven (7) days, or within such shorter period as the Court deems appropriate, a status report — which may be filed under seal or submitted for *in camera* review to the extent Defendants contend that public disclosure would compromise national security — setting forth: (a) whether any specific interagency process remains pending with respect to Plaintiff's application; (b) the date on which such process was initiated; (c) whether the delay is attributable to any action or inaction by Plaintiff; and (d) the anticipated timeline for completion. An expedited timeline for the status report is necessary so that meaningful judicial action remains possible before the employment relationship is severed.

Plaintiff further requests that the Court schedule a telephone conference at its earliest convenience to address the urgency of this matter.

A declaration in support of this letter-motion is attached hereto.

Plaintiff notes that as of the date of this letter, no counsel has appeared on behalf of Defendants, and accordingly no conference regarding this request was possible.

Respectfully submitted,

**HASSAAN QAZI**

Plaintiff, Pro Se

301 Sullivan Pl, Apt 4A

Brooklyn, NY 11225

(718) 419-2786

*legal@hqazi.io*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HASSAAN QAZI,**

*Plaintiff,*

v. **Case No. 1:26-cv-02668-JAV**

**MARCO RUBIO,** et al.,

*Defendants.*

## DECLARATION OF HASSAAN QAZI IN SUPPORT OF PLAINTIFF'S LETTER-MOTION FOR EXPEDITED CONSIDERATION

I, Hassaan Qazi, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

**1.** I am the Plaintiff in the above-captioned action. I make this declaration based on my personal knowledge in support of Plaintiff's Letter-Motion for Expedited Consideration.

**2.** I have been employed at Friends of the High Line, Inc. ("FHL") in New York, New York, since approximately May 8, 2023, currently holding the title of Data Solutions Strategist. I was placed on unpaid furlough effective March 2026 due to my inability to return to the United States as a result of the pending administrative processing of my H-1B visa application.

**3.** In or about February 2026, during discussions regarding my furlough, I was informed by management at FHL that the organization had been unable to identify a candidate with the specialized skill set required for my role. I was told that FHL would need to create a restructured position to cover the operational gap caused by my absence.

**4.** FHL's inability to find a direct replacement for my role reflects the specialized nature of the position — the same specialization that formed the basis for USCIS's approval of the H-1B petition. The organization has been forced to restructure around my absence rather than fill the role as it existed. In my role, I developed and maintained institutional knowledge of FHL's data infrastructure, systems integrations, and analytical tools over approximately three years. This knowledge cannot be transferred to a new hire through documentation alone and would require months of onboarding.

**5.** On April 14, 2026, I participated in a call with senior management at FHL regarding the status of my employment. During that call, I was informed that FHL anticipates extending a job offer for the restructured position in as soon as three weeks. I was told that the urgency of the hiring timeline is driven in part by FHL's approaching peak visitation season, during which the organization's data functions require dedicated staffing.

**6.** I was further informed that if my visa application is adjudicated and approved before an offer is extended for the restructured position, I would return to my position at FHL.

**7.** FHL has held my position open for approximately eight months since my visa application was placed in administrative processing. I understand that the organization has made the decision to begin hiring not because it wishes to replace me, but because the prolonged delay in the adjudication of my visa application has made it operationally untenable to continue holding the position vacant.

**8.** If my position at FHL is filled by another candidate, the H-1B petition filed on my behalf will be effectively nullified. I will have lost my employment, my basis for H-1B classification, and my authorized means of returning to the United States.

**9.** As of the date of this declaration, my visa application has been pending in administrative processing for approximately 225 days. I have received no communication from the Consulate General in Frankfurt indicating that a decision is forthcoming, that any specific interagency process remains pending, or that any action is required of me.

**10.** I have been outside the United States since approximately late August 2025. I have been without income from my employment since being placed on unpaid furlough. I have been depleting personal savings to meet basic living expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2026.

______________________________

**HASSAAN QAZI**