**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HASSAAN QAZI,

Petitioner,

v. **No. 26 Civ. 2668 (JAV)**

MARCO RUBIO, *in his Official Capacity as Secretary of State*, et al.,

Respondents.

---

**DECLARATION OF HASSAAN QAZI IN SUPPORT OF**

**PETITIONER'S MEMORANDUM IN OPPOSITION**

---

I, Hassaan Qazi, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Petitioner in the above-captioned action and submit this declaration in support of Petitioner's Memorandum in Opposition to Respondents' Motion to Dismiss and in Support of Emergency Relief Under Rule 65.

2. I have personal knowledge of the facts stated herein.

**Authentication of Exhibits**

3. Attached to Petitioner's Memorandum as Exhibit A is a true and correct copy of my September 2, 2025 email to the U.S. Consulate General in Frankfurt transmitting my resume as directed by the Section 221(g) form issued at my interview earlier that day. The timestamps on the email reflect my device settings, which were set to Eastern Time.

4. Attached as Exhibit B is a true and correct copy of the September 23, 2025 email from the Consulate requesting additional documents "[i]n order to continue the visa application process."

5. Attached as Exhibit C is a true and correct copy of the September 24, 2025 response from my employer's immigration counsel providing the requested documents. Certain personally identifiable information has been redacted as described in Petitioner's Memorandum at footnote 2. The Consulate received unredacted copies of all documents included therein.

6. Attached as Exhibit D is a true and correct copy of the transcript of the May 7, 2026 status conference before this Court.

**Additional Factual Matters**

7. The Section 221(g) refusal form issued at my September 2, 2025 consular interview identified no deficiency in my qualifications or eligibility. The form requested only my resume. The form did not check the box requesting completion of a DS-5535 supplemental questionnaire.

8. At the conclusion of the September 2, 2025 interview, the consular officer retained my passport. The Consulate held my passport from September 2, 2025 through approximately February 2026—over five months. I regained possession of my passport by making a specific request for its return without withdrawing my visa application, after the Consulate had held it for approximately half a year without acting on my application.

9. I provided my resume to the Consulate on September 2, 2025, the same day as my interview, as directed by the 221(g) form. My employer's immigration counsel responded to the Consulate's September 23, 2025 document request on September 24, 2025—two days after the request. No further request for any document or information has been made in the approximately eight months since.

10. My employer, Friends of the High Line, placed me on involuntary furlough effective approximately February 2026. FHL has since posted a restructured replacement position and is actively interviewing candidates.

11. Presidential Proclamation 10973 imposes a $100,000 fee on new H-1B petitions requiring consular processing, effective September 21, 2025. My current petition, filed before that date, is exempt. Because I am outside the United States, any future petition filed on my behalf would necessarily require consular processing and would trigger this fee, rendering future H-1B sponsorship practically unattainable.

12. I have been separated from my home in New York, my partner, and my career for over 255 days as of the date of Petitioner's Memorandum. These harms are ongoing and compounding.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on May 15, 2026.

Hassaan Qazi