VIA ECF

May 18, 2026

Hon. Jeannette A. Vargas
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

**Re: *Qazi v. Rubio, et al.*, No. 26 Civ. 2668 (JAV)**

Dear Judge Vargas:

Petitioner respectfully writes to request that the Court address his request for emergency relief in advance of the May 22, 2026 deadline for Respondents' reply papers on their motion to dismiss. ECF No. 27.

At the May 7 status conference, this Court construed Petitioner's complaint as a request for emergency relief under Rule 65 and directed Respondents to file an opposition brief by May 13. Tr. at 7–8. Rather than addressing the emergency relief factors identified by the Court at conference, Respondents filed a motion to dismiss under Rule 12(b)(6) that addresses the threshold question of whether the Complaint states a claim. ECF No. 22. That motion does not address three of the four *Winter* factors governing preliminary injunctive relief: irreparable harm, balance of equities, and public interest.

Petitioner filed his opposition on May 15, addressing both the motion to dismiss and the emergency relief request. ECF No. 25. The emergency question is now before the Court—and on three of four *Winter* factors, it is unopposed. Respondents had a court-ordered opportunity to contest these factors and elected not to do so.

The May 22 reply deadline pertains to Respondents' motion to dismiss—a motion the Court did not request and that addresses a different procedural question than the one the Court directed the parties to brief. Petitioner does not ask the Court to alter that deadline. He respectfully submits, however, that the emergency relief request need not wait for it. Whether the Court elects to address that request under Rule 65, as a merits disposition, or through any other procedural vehicle it deems appropriate, the question is ripe for adjudication now.

The practical significance of this request is substantial. If the Court addresses the emergency question after the May 22 reply deadline, briefing, review, and the intervening federal holiday weekend would realistically place any ruling in late May at the earliest. Acting on the emergency request now—while the question is ripe and unopposed on three of four factors—

could conserve as much as two weeks on a timeline in which Petitioner's harm is compounding daily. That harm includes the ongoing loss of wages and an imminent loss of employment, the deterioration of a multi-year professional record, and the continued separation from Petitioner's home, partner, and life in the United States.

Petitioner is mindful of the Court's heavy docket and does not make this request lightly. He makes it because the Court itself recognized the emergency nature of this matter, and because the procedural posture that now exists—in which Respondents' unilateral decision to reframe the proceeding has introduced additional delay—was not of Petitioner's making.

Respectfully submitted,

HASSAAN QAZI
*Petitioner, Pro Se*

cc: Leslie A. Ramirez-Fisher, AUSA (via ECF)