UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HASAAN QAZI,

Plaintiff,

v.

MARCO RUBIO, Secretary of the U.S. State Department (the "State Department), BRIAN HEATH, Consul General at U.S. Consulate General in Frankfurt, TODD BLANCHE, Acting U.S. Attorney General, and JOSEPH B. EDLOW, Director U.S. Citizenship and Immigration Services,

Defendants.

No. 26 Civ. 2668 (JAV)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-0378
E-mail: leslie.ramirez-fisher@usdoj.gov

LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

**PAGE**

ARGUMENT ........................................................................................................................ 1

A. Plaintiff Fails to State a Claim for Relief Under the Administrative Procedure Act or the Mandamus Act Because Defendants Have no Clear, Non-Discretionary Duty ........................................................................................ 2

B. The Doctrine of Consular Nonreviewability Requires Dismissal of Plaintiff's Claims ............................................................................................................. 5

C. Plaintiff Fails To State a Claim of Unreasonable Delay Under the APA ................ 8

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Adjei v. U.S. Dep't of State*,
No. 23-cv-1331, 2025 WL 2877820 (D. Conn. Oct. 9, 2025) .......... 7

*Ahmed v. Bitter*,
No. 23-cv-189, 2024 WL 22763 (E.D.N.Y. Jan. 2, 2024).......... 6

*Algazali v. Blinken*,
No. 23-cv-6038 (LGS), 2025 WL 357721 (S.D.N.Y. Jan. 31, 2025).......... 5

*Al-Gharawry v. U.S. Dep't of Homeland Sec.*,
617 F. Supp. 3d 1 (D.D.C. 2022) .......... 3

*Almakalani v. McAleenan*,
527 F. Supp. 3d 205 (E.D.N.Y. 2021) .......... 10

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009).......... 8

*Aydemir v. Garland*,
No. 22-cv-100 (PAC), 2022 WL 4085846 (S.D.N.Y. Sept. 6, 2022).......... 9

*Coniglio v. Garland*,
556 F. Supp. 3d 187 (E.D.N.Y. Aug. 17, 2021) .......... 4

*Department of State v. Muñoz*,
602 U.S. 899 (2024).......... 5, 7

*Dept. of Homeland Security v. Thuraissigiam*,
591 U.S. 103, (2020).......... 5

*Doe v. Trustees of Columbia University in City of New York*,
No. 23-960, 2024 WL 2013717 (2d Cir. May 7, 2024) .......... 7

*Fiallo v. Bell*,
430 U.S. 787, (1977).......... 5

*Gilian v. Blinken*,
596 F. Supp. 3d, 13 (D.D.C. 2022) .......... 3

*Hamilton v. Westchester County*,
3 F4th 86 (2021).......... 8

*Harisiades v. Shaughnessy*,
342 U.S. 580 (1952) ... 5

*Interstate Commerce Comm. V. New York, N.H. & H.R. Co.*,
287 U.S. 178 (1932) ... 4

*Karimova v. Abate*,
No. 23-cv-5178, 2024 WL 3517852 (D.C. Cir. Jul. 24, 2024) ... 4

*Khan v. U.S. Dep't of State*,
722 F. Supp. 3d 92 (D. Conn. 2024) ... 6

*Kleindienst v. Mandel*,
408 U.S. 753, 766 (1972) ... 5, 6

*Lleshi v. Kerry*,
127 F. Supp. 3d 196 (S.D.N.Y. 2015) ... 6

*Loper Bright Enterprises v. Raimondo*,
603 U.S. 369 (2024) ... 7

*Motahari v. Blinken*,
No. 23-cv-7608 (LGS), 2024 WL 3185886 (S.D.N.Y. June 26, 2024) ... 7

*Nawaz v. U.S. Dep't of State*,
No. 22-cv-5343, 2024 WL 99486 (E.D.N.Y. Jan. 9, 2024) ... 6

*Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*,
168 F. Supp. 3d 268 (D.D.C. 2016) ... 3

*Nishimura Ekiu v. United States*,
142 U.S. 651, (1892) ... 5

*Norton v. S. Utah Wilderness All.*,
542 U.S. 55 (2004) ... 3

*Rashed v. Blinken*,
No. 24-cv-964 (PAE), 2024 WL 4904701 (S.D.N.Y. Nov. 7, 2024) ... 2

*Sawahreh v. U.S. Dep't of State*,
630 F. Supp. 3d 155 (D.D.C. 2022) ... 9

*Sharifi v. Blinken*,
732 F. Supp. 3d 433 (E.D.N.Y. 2024) ... 6

*Telecomms. Rsch. & Action Ctr. v. FCC*,
750 F.2d 70 (D.C. Cir. 1984)........ 8

*Trump v. Hawaii*,
585 U.S. 667 (2018)........ 5

*United States ex rel. Knauff v. Shaughnessy*,
338 U.S. 537 (1950)........ 5

*Wan Shih Hsieh v. Kiley*,
569 F. 2d 1179 (2d Cir. 1978)........ 5, 6

*Waris v. Bitter*,
No. 23-cv-9487 (JGLC), 2024 WL 3237914 (S.D.N.Y. June3 28, 2024)........ 6

*Yaghoubnezhad v. Stufft*,
734 F. Supp. 3d 87 (D.D.C. 2024)........ 3

**STATUTES**

5 U.S.C. § 706(1)........ 3, 10

5 U.S.C. § 555(b)........ 8

8 U.S.C. § 1201(g)........ 3

8 U.S.C. § 1361........ 4

**RULES**

Federal Rule of Civil Procedure 12(b)(6)........ 1

**REGULATIONS**

22 C.F.R. § 41.53(b)........ 4

22 C.F.R. § 41.121(a)........ 2, 3, 8

22 C.F.R. § 42.81(a)........ 8

Marco Rubio, U.S. Secretary of State, Brian Heath, Consul General at the U.S. Consulate in Frankfurt, Germany, Todd Blanche, the Acting U.S. Attorney General, and Joseph B. Edlow, Director of U.S. Citizenship and Immigration Services, through their attorney, Jay Clayton, U.S. Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

As an initial matter, Plaintiff's assertion that the government has failed to address the standards for a temporary restraining order or preliminary injunction, [Dkt. No. 25] Petitioner's Memorandum in Opposition to Respondents Motion to Dismiss and in Support of Emergency Relief under Rule 65 ("Br."),[1] is immaterial because there is no such motion pending before the Court. Rather, the Court granted Plaintiff's request for expedited consideration of the case, by directing the Defendants to file a status report and by directing an expedited briefing on Plaintiff's request for a writ of mandamus, Dkt. No. 14, 25-4, with which Defendants have complied. Dkt. Nos. 17, 20-23. Plaintiff's request for a writ of mandamus does not ask for a temporary restraining order nor a preliminary injunction, but an order from this Court directing the State Department to adjudicate his visa application, Complaint Prayer for Relief. Dkt. No. 1. To the extent the complaint seeks interim relief in the form of a status report from the U.S. State Department (the "State Department") regarding his visa application, that relief was granted, and as noted, the government complied. Dkt. No. 14, 17.

---

[1] Relief was sought in the form of a complaint, with designations of the parties as "Plaintiff" and "Defendants" respectively. Accordingly, the government continues to refer to the parties by their initial designation as reflected on the Court docket.

**A. Plaintiff Fails to State a Claim for Relief Under the Administrative Procedure Act or the Mandamus Act Because Defendants Have no Clear, Non-Discretionary Duty**

Plaintiff's claim that the Defendants have failed to identify the operable regulation making consular officer's refusal the only required action on his visa application (Br. 10) is incorrect. As asserted in the government's moving brief, the applicable regulation is 22 C.F.R. § 41.121(a), which provides that "[w]hen a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." 22 C.F.R. § 41.121(a). [Dkt. No. 22] Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Br."), 8-9. Defendants' position is not based solely on internal guidelines. *Contra* Br. 11. As the case law cited in the Defendants' moving papers argued, under the *regulations*, consular officers have a binary choice to issue or refuse a visa application, and once that decision is made there is no further mandate under any statute or regulation to complete administrative processing. *See* Def. Br. 8-10.

Contrary to Plaintiff's argument (Br. 13-15), the case law so holding is not inapt because it pertains to immigrant visas as opposed to the nonimmigrant visa at issue here. For example, while *Rashed v. Blinken*, No. 24-cv-964 (PAE), 2024 WL 4904701, at *4 (S.D.N.Y. Nov. 7, 2024), involved an immigration visa application, the court's reasoning—that the refusal of a visa application is final notwithstanding that it is subject to further administrative process because by law, a consular officer has only a binary decision to make, either refuse or issue the visa—is instructive because the nonimmigrant visa application provides for the same limited binary choice, to either issue or refuse the visa application. 22 C.F.R. § 41.121(a). Contrary to Plaintiff's arguments that a refusal pursuant to INA § 221(g), 8 U.S.C. § 1201(g) does not satisfy the consular officer's obligation to adjudicate the visa (*see* Br. 23), the regulation provides that a

"[n]onimmigrant visa refusals must be based on legal grounds, such as one or more provisions of INA . . . 221(g), or other applicable law." 22 C.F.R. § 41.121(a).

*Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87 (D.D.C. 2024), cited in Defendants' moving papers (Def. Br. 9), which held that State does not have any further obligation to complete administrative processing of a refused nonimmigrant visa, did not turn on, as urged by Plaintiff (Br. 13-14), the type of underlying petition that had been approved by USCIS, nor on the nationality of the beneficiaries seeking nonimmigrants visas. Rather, "[t]o determine whether State has a nondiscretionary duty to complete 'administrative processing' after it has already refused a visa the Court *turn*[*ed*] *to the text of the INA's implementing regulations*." *Yaghoubnezhad*, 734 F. Supp. 100. (emphasis added). The court found plaintiffs' argument that the refusal was not final because their applications remained in administrative processing, and that their visas may be granted, with State "admitting as much," was of little relevance since "nothing in § 41.121 provides a 'specific, unequivocal command' for State to issue a final, unreviewable decision.'" *Id.* at 101 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004)). The court went on, "[n]or does any statute or regulations require State to complete 'administrative processing' once it has already properly refused a visa." *Id.* "[A]bsent a specific, unequivocal command from Congress requiring State to issue final refusal or to complete administrative processing, State has not unlawfully withheld any action that the Court has jurisdiction to compel under [5 U.S.C. ] § 706(1)." *Id.* at 102 (internal quotation marks omitted).

Plaintiff's reliance on contrary authority should be rejected. Those decisions out of the District of the District of Columbia, *Al-Gharawry v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1 (D.D.C. 2022); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, 168 F. Supp. 3d 268 (D.D.C. 2016), and *Gilian v. Blinken*, 596 F. Supp.

3d, 13 (D.D.C. 2022) (Pl. Br. 11, 12), were issued before *Karimova v. Abate*, No. 23-cv-5178, 2024 WL 3517852, at *3 (D.C. Cir. Jul. 24, 2024), in which the D.C. Circuit rejected the same argument Plaintiff makes here—that a refusal of a visa application that has been referred for administrative processing is not final—because "[the petitioner] has not identified any law 'plainly prescribing' that the consular officer not put an officially refused visa application in administrative processing" (quoting *Interstate Commerce Comm. V. New York, N.H. & H.R. Co.*, 287 U.S. 178, 204) (1932)). If the APA's general requirement in § 555(b) that "each agency shall proceed to conclude a matter presented to it" were sufficient to fulfill *Norton's* requirement of a "discrete" action that the agency "is required to take," whenever a statute grants an agency discretion to take an action, then federal courts presumptively would have jurisdiction over all APA claims for unreasonable delay.

Plaintiff also suggests that given USCIS's approval of his H-1B employment based visa, the State Department cannot have any real question about his eligibility for the visa. Br. 12-13, 16-17. However, the burden to establish visa eligibility is always on the visa applicant and approval of a petition does not establish visa eligibility. 8 U.S.C. § 1361; 22 C.F.R. § 41.53(b). The eligibility in question here is not of Plaintiff's employment under the term of the H-1B petition approved by USCIS, but of his eligibility for a visa which would permit him to seek admission to the United States. Those issues are distinct, and thus the H-1B approval has no bearing here. *See, e.g.*, *Coniglio v. Garland*, 556 F. Supp. 3d 187, 200 (E.D.N.Y. Aug. 17, 2021) (noting the distinct roles USCIS and Department of State play in the visa issuing process).

Similarly, Plaintiff's reliance on his past experience or the consulate's usual practice with respect to his passport, does not impose any duty here. *See* Br. 15-16, 17. He cites no statute,

regulation, or State Department guidance under which retention of a passport creates any duty to issue a refusal that is not subject to further administrative processing.

**B. The Doctrine of Consular Nonreviewability Requires Dismissal of Plaintiff's Claims**

There is no merit to Plaintiff's argument that the holding in *Wan Shih Hsieh v. Kiley*, 569 F. 2d 1179, 1181 (2d Cir. 1978), that pursuant to the doctrine of consular nonreviewability, courts should not "interfere with the visa-issuing process" has any less force today than when the decision was issued. *See* Br. 19-20. As the Supreme Court made plain in *Department of State v. Muñoz*, 602 U.S. 899 (2024), the changing legal landscape in the area of immigration law does not diminish the principle reflected in the doctrine of consular nonreviewability:

> For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Trump* [*v. Hawaii*], 585 U.S. 667, 702 (2018), (quoting *Fiallo v. Bell*, 430 U.S. 787, 792, (1977)). Congress may delegate to executive officials the discretionary authority to admit noncitizens "immune from judicial inquiry or interference." *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–591, (1952). When it does so, the action of an executive officer "to admit or to exclude an alien" "is final and conclusive." *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, (1950); see also *Dept. of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–139, (2020); *Mandel*, 408 U.S., at 765–766, 92 S.Ct. 2576; *Nishimura Ekiu v. United States*, 142 U.S. 651, 659–660, (1892). The Judicial Branch has no role to play "unless expressly authorized by law." *Knauff*, 338 U.S., at 543. The Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions.[4] This principle is known as the doctrine of consular nonreviewability.

*Id.* 907-908. As a court recently observed in *Algazali v. Blinken*, No. 23-cv-6038 (LGS), 2025 WL 357721, at *4 (S.D.N.Y. Jan. 31, 2025), even while the Supreme Court's decision in *Muñoz* held that the doctrine of consular nonreviewability is not a jurisdictional bar, and abrogated *Hsieh* in that regard, "the Second Circuit reasoning in *Hsieh* was nevertheless rooted in noninterference in immigration matters." *Algazi*, 2025 WL 357721, at *4 (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972)).

Further, notwithstanding, the decisions in *Waris v. Bitter*, No. 23-cv-9487 (JGLC), 2024 WL 3237914, at *8 (S.D.N.Y. June3 28, 2024), and *Ahmed v. Bitter*, No. 23-cv-189, 2024 WL 22763 (E.D.N.Y. Jan. 2, 2024); *see also Sharifi v. Blinken*, 732 F. Supp. 3d 433, 438 (E.D.N.Y. 2024), most courts within the Second Circuit hold that the doctrine of consular nonreviewability bars unreasonable delay claims, whether they are brought under the APA or the Mandamus Act. *See* Def. Br. 12-13. As the court in *Khan v. U.S. Dep't of State*, 722 F. Supp. 3d 92, 98 (D. Conn. 2024) took note, the minority view is not one that has a basis in Second Circuit law, which expressly instructed in *Hsieh*, that courts "should not 'interfere with the visa-issuing process.'" 722 F. Supp. 3d at 98 (quoting *Hsieh*, 569 F.2d at 1181). Further, as noted in Defendants' moving papers, the decisions in *Ahmed and Waris* ignore the fact that the consular officer has made the only decision required under the regulatory framework—to issue or refuse the visa application. Def. Br. 13-14.

"The full implications" as Plaintiff puts it (Br. 22), barring this Court from reviewing the Section 221(g) denial itself, or compelling the consulate to take further action on his already refused visa application, is indeed the contemplated outcome of consular nonreviewability, embraced not only by a majority of courts within this district, but from around the country. *See* Def. Br. 12-13. "The doctrine of consular nonreviewability is broad in scope, precluding a court from reviewing a consular officer's decision to deny a visa even if that decision's foundation was erroneous, arbitrary, or contrary to agency regulations." *Lleshi v. Kerry*, 127 F. Supp. 3d 196, 200 (S.D.N.Y. 2015) (internal quotation marks omitted). Further, "[n]otwithstanding caselaw in other circuits, a distinction between challenging a decision and compelling adjudication is not a distinction that has a basis in Second Circuit law." *Nawaz v. U.S. Dep't of State*, No. 22-cv-5343, 2024 WL 99486, at *4 (E.D.N.Y. Jan. 9, 2024) (collecting cases).

As the court in *Adjei v. U.S. Dep't of State*, No. 23-cv-1331, 2025 WL 2877820 (D. Conn. Oct. 9, 2025), recently observed in rejecting a plaintiff's undue delay claim, *Muñoz* "affirmed the underlying separation of powers principle that the judiciary is not suited to issue directives on how the Executive exercises its authority to admit noncitizens . . . [and] explicitly states that decisions related to visas are largely immune from judicial control." 2025 WL 2877820, at * 3 (citing *Muñoz*, 602 U.S. at 908). And as Judge Schofield held in *Motahari v. Blinken*, No. 23-cv-7608 (LGS), 2024 WL 3185886, at *2 (S.D.N.Y. June 26, 2024)

> The "majority view rejects this distinction [between a challenge to a delay in adjudication from a challenge to the denial of a visa application] and better respects the immunity of consular decisions from judicial review. To distinguish between a negative decision and a postponed decision, which both result in no visa, is to elevate form over substance. It would undoubtedly interfere with the visa issuing process to issue an order moving plaintiff to the front of the queue.

2024 WL 3185886, at *2 (internal quotation marks and citations omitted).

Furthermore, Plaintiff's expressed belief about the reasons his application is refused—essentially an allegation of bad faith in engaging additional administrative processing—based on nothing more than "conversations with members of the immigration bar" (Br. 23), are based on pure speculation and therefore are insufficient to state a claim. *See, e.g.*, *Doe v. Trustees of Columbia University in City of New York*, No. 23-960, 2024 WL 2013717, at *2 n. 1 (2d Cir. May 7, 2024) (allegations that were either conclusory or based on pure speculation were insufficient to state a claim).

Plaintiff's assertion that the State Department Foreign Affairs Manual ("FAM"), 9 FAM § 504.1-3(g) is not due any deference *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled the *Chevron* deference framework, is misplaced. That Section does not purport, as Plaintiff urges (Br. 10-11), to interpret the APA, 5 U.S.C. § 555(b). Rather it provides, completely consistent with State Department regulations, that "once an application has been

executed, you must either issue the visa or refuse it. You cannot temporarily refuse, suspend, or hold the visa for future action." 9 FAM § 504.1-3(g); *see* 22 C.F.R. § 42.81(a). The FAM contains identical language in the nonimmigrant visa context: "Once an application has been made (see 9 FAM 403.2-3), you must either issue the visa or refuse it. You may not temporarily refuse, suspend or hold the visa for future action." 9 FAM 403.7-3. The FAM is completely consistent with State Department regulations 22 C.F.R. § 41.121(a), which provides that "[w]hen a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." Likewise, *Loper Bright* has no bearing on the doctrine of consular nonreviewability as Plaintiff urges (Br. 20), because consular nonreviewability is not a matter of statutory interpretation, but of longstanding established principle of jurisprudence.

**C. Plaintiff Fails To State a Claim of Unreasonable Delay Under the APA**

Should the Court consider Plaintiff's APA undue delay claim, for those reasons asserted in Defendants' moving papers, that claim fails when analyzed under the six factor test set forth in *Telecomms. Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984). Def. Br. 14-21.

Plaintiff asserts that the Court must accept all of the allegations pled in the complaint under Fed. R. Civ. 12(b)(6) (Pl. Br. 25-26), but while a court must accept "sufficient factual matter" as true, *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009), that standard does not obligate the Court to "credit conclusory allegations or legal conclusions couched as factual allegations," *Hamilton v. Westchester County, 3 F4th 86, 91-92 (2021) (internal quotation marks and citations omitted).* In the complaint, Plaintiff has asserted the "Department State has indicated that most administrative processing is resolved within sixty days of the interview," and "[i]ndividual U.S. Embassy

websites—including that of the U.S. Embassy in Ankara Turkey—state that 'most administrative processing is resolved within 6 months'" without directing the Court to the any actual source of those assertions. Compl. ¶ 27. Even accepting those allegations as true for purposes of this 12(b)(6) motion, such "public facing announcements" do not supply "the granular substance of a rule of reason." *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 162 (D.D.C. 2022). Plaintiff's own submissions before this Court reflect that he has been informed that "administrative processing can last up to 90 days, but in some instances, it can take significantly longer." Compl. Ex. B., p. 9.

Additionally, contrary to Plaintiff's assertions (Br. 24), Defendants do not rely exclusively on the short time frame in which his nonimmigrant visa has been pending, and indeed the government acknowledges the specific harms Plaintiff has alleged in this matter. Def. Br. 19-20. But as Defendants have argued, the *TRAC* factors require courts to consider the situation of others facing similarly difficulty circumstances. *Id.* Further, Defendants are not required to produce evidence of numbers in support of the argument that Plaintiff should not be prioritized ahead of other applicants. *Contra* Br. 27. The suggestion that the government is sitting on Plaintiff's application and taking no action to process it or thousands of others like it is not one this Court need countenance. For example, in *Aydemir v. Garland*, No. 22-cv-100 (PAC), 2022 WL 4085846, at *6 (S.D.N.Y. Sept. 6, 2022), in finding the fourth *TRAC* favored the government heavily, the court noted that the plaintiff provided "no indication that USCIS officials not working on [his] matters were just twiddling their thumbs rather an adjudicating green cards for other applicants that have waited longer than him." (internal quotation marks and citations omitted). "Courts recognize that agencies must juggle competing duties, and as a result they will generally not find a Section 706(1) violation in the absence of evidence the agency treated the petitioners differently

from anyone else, or that officials not working on plaintiff's matters were just twiddling their thumbs." *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 225 (E.D.N.Y. 2021) (cleaned up) (internal quotation marks and citations omitted).

For the reasons asserted in here and in Defendants' moving papers, Plaintiff has failed to state a claim of undue delay under *TRAC*.

**CONCLUSION**

For the foregoing reasons and those asserted in Defendants' moving papers, the Court should dismiss this action in its entirety.

Dated: New York, New York
May 22, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York,
*Attorney for Defendants*

By: /s/ Leslie A. Ramirez-Fisher
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-0378
Email: leslie.ramirez-fisher@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,162 words.