May 23, 2026

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

**Re:** *Qazi v. Rubio*, No. 26 Civ. 2668 (JAV)

Dear Judge Vargas:

Petitioner Hassaan Qazi respectfully requests leave to file a surreply memorandum, not to exceed five pages, addressing four arguments raised for the first time in Defendants' reply memorandum of law (ECF No. 29) that were not present in Defendants' moving brief (ECF No. 22) and that Petitioner therefore had no prior opportunity to address. The proposed surreply has been prepared and Petitioner is prepared to file it promptly upon leave being granted.

The four new arguments are:

(1) Defendants argue for the first time that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), has no bearing on the doctrine of consular nonreviewability because that doctrine "is not a matter of statutory interpretation, but of longstanding established principle of jurisprudence." ECF No. 29 at 12. Petitioner's brief invoked *Loper Bright* not to challenge the doctrine itself, but to challenge the *district court reasoning* that relied on agency self-characterization when determining whether a nondiscretionary duty exists under the APA. Defendants' reply mischaracterizes Petitioner's argument, and Petitioner should be permitted to correct the record.

(2) Defendants assert for the first time that Petitioner's reliance on *Al-Gharawy v. U.S. Dep't of Homeland Security* (D.D.C. 2022) and *Giliana v. Blinken* (D.D.C. 2022) is undermined because those decisions "were issued before" *Karimova v. Abate* (D.C. Cir. 2024). ECF No. 29 at 9. *Karimova* is an unpublished disposition carrying no precedential weight, and the panel expressly reserved the question Defendants suggest it resolved. This new argumentative use of *Karimova* to claim displacement of Petitioner's authorities warrants correction.

(3) Defendants cite *Adjei v. U.S. Dep't of State*, No. 3:24-CV-1331, 2025 WL 2877820 (D. Conn. Sept. 24, 2025), a case not cited in their moving brief, for an expansive reading of *Dep't of State v. Muñoz*, 602 U.S. 899 (2024), that warrants a brief response.

(4) Defendants characterize Petitioner's observations about Section 221(g) processing patterns as "pure speculation" under *Doe v. Trustees of Columbia University*, No. 23-960, 2024 WL 2013717 (2d Cir. 2024), a case not cited in their moving brief, and further characterize those

observations as "essentially an allegation of bad faith"—a characterization Petitioner has expressly disclaimed in both the Complaint and his opposition brief.

Petitioner has reviewed the Court's Individual Practices for Pro Se Litigants and understands that they do not address the filing of surreplies. Surreplies are warranted where, as here, a reply brief raises new arguments or cites new authority to which the non-movant has had no opportunity to respond. *See Bayway Refining Co. v. Oxygenated Marketing & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000). The proposed surreply is narrowly confined to the four issues identified above and does not reargue any points previously briefed.

Respectfully submitted,



**HASSAAN QAZI**
Petitioner, Pro Se