UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HASSAAN QAZI,

Plaintiff,

-v-

MARCO RUBIO, *in his official capacity as Secretary of State*, et al.,

Defendants.

26-CV-02668 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

On March 31, 2026, Plaintiff Hassaan Qazi ("Plaintiff" or "Qazi"), proceeding *pro se*, filed a complaint to compel the Government to adjudicate his H-1B visa application. ECF No. 1 ("Complaint" or "Compl."), ¶ 1. On June 3, 2026, the Court granted Qazi relief under Section 706 of the Administrative Procedure Act ("APA"), ordering Defendants Marco Rubio, in his capacity as Secretary of the U.S. State Department, and Brian Heath, in his capacity as Consul General of the U.S. Consulate General in Frankfurt, to complete the administrative processing and adjudication of Qazi's visa application within 30 days. ECF No. 34. Qazi now moves for costs and fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 36 (the "Motion"). For the following reasons, the Motion is **DENIED**.

Under Section 2412, "a court shall award to a prevailing party . . . fees and other expenses" incurred in a "civil action" brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) ("[U]nder the EAJA, eligibility for a fee award in any civil action

requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; and (3) that no 'special circumstances make an award unjust.'" (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)). "A party prevails if the court grants relief to the party based on an assessment of the merits and thus unquestionably and materially alters the existing legal relationship between the parties." *Yao v. Almodovar*, 813 F. Supp. 3d 461, 478 (S.D.N.Y. 2025) (citation omitted).

"Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Williams v. Kijakazi*, 797 F. Supp. 3d 164, 171 (E.D.N.Y. 2025) (quoting *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)). This requires a showing that its litigating position and the underlying agency action giving rise to that position "had a reasonable basis in both law and fact." *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005) (citation omitted); *see also Gomez-Beleno*, 644 F.3d at 145 ("The position of the United States means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." (cleaned up)). In other words, "[a] position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Gomez-Beleno*, 644 F.3d at 145 (quoting *Jean*, 496 U.S. at 158 n.6).

Although Qazi is a "prevailing party" under the EAJA, the Motion nonetheless fails because the Government's position was substantially justified. This action presented multiple issues that were legally complex and involved questions on which the relevant authorities did not provide clear or controlling guidance. The positions the Government advanced with respect to these issues were grounded in reasonable interpretations of the governing statutes, regulations,

and precedent, *see generally* ECF No. 29, even though the Court ultimately rejected their arguments, *see generally* ECF No. 36. Qazi's previous concession that no individual acted in bad faith when processing his application only reinforces this conclusion. ECF No. 25 at 28. Under these circumstances, the Government's position had a reasonable basis in both law and fact and was therefore "justified to a degree that could satisfy a reasonable person," precluding an award under the EAJA.

Accordingly, the Motion is **DENIED**. The Clerk of Court is directed to terminate ECF No. 36.

SO ORDERED.

Dated: August 17, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge